

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Tel. (718) 263-9591
Fax. (718) 263-9598

October 5, 2021

**Via ECF**
The Honorable Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Sanchez, et al. v. Hyper Structure Corp., et al.**
**Docket No. 19-cv-4524 (KAM)(PK)**

Dear Judge Kuo:

This office represents the seven named Plaintiffs in this action, and we respectfully submit this letter to provide the Court with additional authority in support of Plaintiffs' motion to re-open this case, and specifically, in support of Plaintiffs' contention that this Court possesses judicial discretion to re-open this case as a result of the Defendants' breach of the parties' Settlement Agreement filed on the docket in this matter.

## Relevant Background

During the parties' July 10, 2020 court-annexed mediation, Plaintiffs, together with Defendants, Hyper Structure Corp., and Mohammad Rahman (a/k/a 'Sasha Khan' or 'Sahel Khan') (hereinafter, "Mr. Khan") (and collectively, "the Hyper Structure Defendants") reached a full and final settlement on all claims asserted by all Plaintiffs (the "Settlement Agreement"). The express language of the Settlement Agreement states, in pertinent part, that:

> "The parties respectfully request that this Court, the United States District Court for the Eastern District of New York, and The Honorable Judge Peggy Kuo, retains jurisdiction to enforce the terms of this settlement until full payment of the Settlement Funds outlined in Paragraph 1 is made in its entirety, or in the event of a default of this Agreement by either party."

See, paragraph 6 of the Settlement Agreement (ECF Dkt. No. 25; 32-1).

On September 3, 2020, Mr. Khan personally executed the Settlement Agreement, not only on his own individual behalf, but also on behalf of Hyper Structure Corp., as its 'President'. On September 4, 2020, the parties jointly submitted their settlement documents and motion for settlement approval per *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and on September 17, 2020, the Court held a fairness hearing on the

motion and proposed settlement agreement, which was granted on September 22, 2020. In doing so, the Court thereby ordered that, "the parties are directed to file a stipulation of dismissal by September 29, 2020." (ECF Dkt. No. 25). In reliance thereof, a Stipulation of Dismissal with respect to the Hyper Structure Defendants was filed on October 1, 2020 (ECF Dkt. No. 26), which the Court So Ordered on October 7, 2020 (ECF Dkt. No. 27).

The Settlement Agreement required, "in consideration for Plaintiffs' execution of this Agreement," that the Hyper Structure "Defendants cause Plaintiffs to be paid the gross sum . . . payable within twenty (20) days of this Court's approval of this Agreement." *See* para. 1(a)). However, the Hyper Structure Defendants failed to tender their *very first* settlement payment (of eight) pursuant to the terms of the Settlement Agreement – despite *repeated* representations and assurances from counsel of record for the Hyper Structure Defendants ("Counsel" or "Defense Counsel") that Defendants were going to comply with their payment obligations. Thus, on December 9, 2020, Plaintiffs filed a Letter-Motion requesting a conference to address the Hyper Structure Defendants' willful breach, and to request that this matter be reopened and restored if the Hyper Structure do not intend on complying with their payment obligations as they had promised just a short time ago.

On January 22, 2021, the parties jointly submitted a status report, apprising the Court that Mr. Khan had appeared on a call with counsel for both parties, during which, Mr. Khan made the voluntary and unequivocal representation that the Hyper Structure Defendants will indeed be making their full settlement payment owed, no later than February 28, 2021. Yet, Plaintiffs apprised the Court that if payment was not received by that date, Plaintiffs would be renewing their motion to reopen this case (ECF Dkt. No. 33).

Defense Counsel's May 19, 2021 letter-motion for an extension of time further apprised that, "both the Court and Plaintiffs' counsel have accommodated the Defendant's previous requests to postpone payment by the Defendant of the agreed settlement. This case had been incredibly difficult for the Defendant inasmuch as funds are just about to arrive that would be used to pay this settlement. Plaintiffs' counsel is understandably fed up and believes that the Plaintiff should request a judgement ... This settlement was an accommodation by the Plaintiff in a reduced amount. The problem is the Defendant relies on his construction clients to pay on time … He just secured a couple of jobs. What he expected in April would have paved the way for payment of this settlement. While the Plaintiff request a judgment, I believe that additional time may very well allow this settlement to happen." (Dkt. No. 36).

Furthermore, at the Court hearing held on May 27, 2021, Counsel represented that "the Hyper Structure Defendants are continuing to experience financial difficulties but plan to pay Plaintiffs the $5,000.00 on June 1, 2021 and will need more time to pay Plaintiffs the remaining $15,000.00." (*See Id.*, Minute Entry filed on May 27, 2021). In response thereto, the Court set a conference for June 2, 2021, regarding Defendants' payment obligations, and the Court directed "Mr. Khan to appear, and to be prepared to address how the Hyper Structure Defendants intended to fulfill their obligations per the Settlement Agreement."

In Counsel's motion to withdraw, he avers that he, "personally informed Mr. Khan of this [Court] Order and his obligation to be here on June 2 with the $5,000.00. (*See*, Dkt. No. 37-1 at para. 8). Counsel further stated that, "Mr. Khan promised me he would be here at 4:00 pm on June 2, 2021. He was called at 3: 00 pm to remind him. He failed to show up at 4:00 pm or any later time that day and calls to his cell phone were unanswered. Based upon his history of abandonment of this matter as well as his flagrant ignorance of this Court's Order to appear by telephone on June 2, 2021, when he knew of said obligation, I must ask this Court to be released from any further representation" (*see*, Dkt. No. 37-1 at paras. 9-10). Yet, despite the repeated notices to Mr. Khan, the Hyper Structure Defendants willfully neglected the Court's directions, and utterly failed to appear at the June 2, 2021 conference, as Your Honor had ordered Mr. Khan to do during the May 27, 2021 conference. Despite Defense Counsel having spoken to Mr. Khan directly the very same day in order to remind Mr. Khan of the teleconference and to confirm that Mr. Khan would be at counsel's office at the time of the telephone conference, Mr. Khan suddenly disappeared and failed to respond to Defense Counsel's notices by call, and by emails.

Accordingly, Plaintiffs now supplement their motion to re-open this matter with the following authority:

**<u>This Court Has Judicial Discretion and Authority to Re-Open this Case on Account of the Defendants' willful Breach of the executed Settlement Agreement</u>**

In <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 114 S. Ct. 1673 (1994), the U.S. Supreme Court held that generally, "[a] federal district court, possessing only that power authorized by Constitution and statute, lacks jurisdiction over a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit." The Court further held, however, that:

> "[i]f the parties *wish* to provide for the court's jurisdiction to enforce a dismissal-producing settlement agreement, they can seek to do so. In the event of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2), the court may, in its discretion, make the parties' compliance with the terms of the settlement agreement (or retention of jurisdiction over the agreement) part of its order. When dismissal occurs pursuant to Rule 41(a)(1)(ii), the district court is empowered (with the consent of the parties) to incorporate the settlement agreement in the order or retain jurisdiction over the settlement contract itself. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction. 511 US 375, 376 (1994).

In <u>Kokkonen</u>, the parties executed a [*377] Stipulation and Order of Dismissal with Prejudice, dismissing the pleadings pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii). The Stipulation and Order of Dismissal signed by the District Judge did not reserve jurisdiction in the District Court to enforce the settlement agreement; indeed, it did not so much as refer to the settlement agreement. When the parties subsequently disagreed on the obligation to return certain files to respondent under the settlement agreement,

3

respondent moved in the District Court to enforce the agreement, which petitioner opposed in chief, on the ground that the court lacked subject-matter jurisdiction. When the District Court entered an enforcement order, asserting an "inherent power" to do so petitioner appealed, relying solely on his jurisdictional objection. The United States Court of Appeals for the Ninth Circuit affirmed, quoting its opinion in Wilkinson v. FBI, 922 F.2d 555, 557 (1991), which held that, "to the effect that after dismissal of an action pursuant to a settlement agreement, a "'district court [has] jurisdiction to decide the [enforcement] motion under its inherent supervisory power." App. to Pet. for Cert. A-5 (Apr. 27, 1993) at 993 F.2d 883 (1993) (final brackets in original). We granted certiorari, 510 U.S. 930 (1993).

The U.S. Supreme Court held that, "[i]t must be emphasized that what respondent seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378. In contrast to the instant matter, however, here, Plaintiffs do not seek "enforcement of the settlement agreement," but rather, ask that this Court merely "reopen the dismissed suit by reason of breach of the agreement that was the basis for dismissal." The Kokkonen Court further held that, "[s]ome Courts of Appeals have even held that the latter can be obtained under Federal Rule of Civil Procedure 60(b)(6)." 511 U.S. 375, 378. (*see*, *e.g.,* Keeling v. Sheet Metal Workers Int'l Assn., 937 F.2d 408, 410 (1991); Fairfax Countywide Citizens Assn. v. Fairfax County, 571 F.2d 1299, 1302-1303 (1978); *but see* Sawka v. Healtheast, Inc., 989 F.2d 138, 140-141 (1993) (breach of settlement agreement alone was insufficient reason to set aside a dismissal on Rule 60(b)(6) grounds); Harman v. Pauley, 678 F.2d 479, 480-481 (1982) (holding that Rule 60(b)(6) may, but does not 'require' vacatur of the dismissal order whenever a settlement agreement has been breached).

While a request for "enforcement of the settlement agreement, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction" (511 U.S. 375, 378), Courts have generally done so and "have asserted ancillary jurisdiction," under "the Court's inherent powers. . . to enable a court to function successfully -- that is, to manage its proceedings, vindicate its authority or effectuate its decrees." Kokkonen, 511 U.S. 375, 379-380, quoting Chambers v. NASCO, Inc., 501 U.S. 32, 115 L. Ed. 2d 27, 111 S. Ct. 2123 (1991) (power to compel payment of opposing party's attorney's fees as sanction for misconduct); quoting United States v. Hudson, 11 U.S. 32, 7 Cranch 32, 34, 3 L. Ed. 259 (1812) (contempt power to maintain order during proceedings); *see generally* 13 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3523 (1984); cf. 28 U.S.C. § 1367 (1988 ed., Supp. IV).

Here, this Court ordinarily possesses ancillary jurisdiction under its inherent powers, as the Supreme Court has held it, in order to enable this Court to function successfully, to manage its proceedings, to vindicate its authority, and to effectuate its decrees, specifically, and in chief, in light of Mr. Khan and Hyper Structure Defendants' wanton and reckless neglect (as referenced above) of the various Orders of this Court. Nonetheless, the Court need not rule upon this issue, as this Court is merely asked to

"reopen the dismissed suit by reason of breach of the agreement that was the basis for the dismissal" which Courts have held can, in any event, be obtained under Federal Rule of Civil Procedure 60(b)(6)." 511 U.S. 375, 378.

With respect to Rule 60(b), Courts have held that a party's "repudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and justifies vacating the court's prior dismissal order." *See, e.g.*, KEELING v. SHEET METAL WORKERS Int'l Ass'n, Local Union 162, 937 F.2d 408, 410-11 (9th Cir. 1991); United States v. Baus, 834 F.2d 1114, 1124 (1st Cir. 1987); Fairfax Countywide Citizens v. Fairfax County, 571 F.2d 1299, 1302-03 (4th Cir.), *cert. denied*, 439 U.S. 1047, 99 S. Ct. 722, 58 L. Ed. 2d 706 (1978); Aro Corp. v. Allied Witan Co., 531 F.2d 1368, 1371 (6th Cir.), *cert. denied*, 429 U.S. 862, 50 L. Ed. 2d 140, 97 S. Ct. 165, 191 U.S.P.Q. (BNA) 751 (1976); VanLeeuwen v. Farm Credit Admin., 600 F. Supp. 1161, 1164, 1167 (D.Or. 1984).

Here, the factual and procedural history in this matter with respect to the conduct of Mr. Khan, and the Hyper Structure Defendants, as described herein, unequivocally establishes "specific acts [of] bad faith [and] noncompliance" in light of their "behavior throughout this action," for this Court to find that the Defendants "have repudiated" and "completely frustrated the parties' settlement agreement" to warrant a grant on Plaintiffs' Rule 60(b) motion. *See*, KEELING v. SHEET METAL WORKERS Int'l Ass'n, Local Union 162, 937 F.2d 408, 411 (9th Cir. 1991); *see also*, United States v. Baus, 834 F.2d 1114, 1124 (1st Cir. 1987) (holding that, as a legal matter, it is well-accepted that the material breach of a settlement agreement incorporated into judgment of a court entitles the nonbreaching party to relief from that judgment under Rule 60(b)(6)); citing Fairfax Countywide Citizens Ass'n v. Fairfax County, 571 F.2d 1299, 1302-03 (4th Cir.), *cert. denied*, 439 U.S. 1047, 58 L. Ed. 2d 706, 99 S. Ct. 722 (1978); Aro Corp. v. Allied Witan Co., 65 F.R.D. 513, 514 (N.D. Ohio 1975), *aff'd*, 531 F.2d 1368, 1371 (6th Cir.), *cert. denied*, 429 U.S. 862, 50 L. Ed. 2d 140, 97 S. Ct. 165 (1976); McGoff v. Rapone, 78 F.R.D. 8, 23 (E.D. Pa. 1978).

"This accords with the purpose of Rule 60(b)(6). Where the [settlement] agreement is made, as here, under the eyes of the court, it is a most solemn undertaking, requiring the lawyers, as officers of the court, to make every reasonable effort to carry it through to a successful conclusion." 162, 937 F.2d 408, 411 (9th Cir. 1991); Warner v. Rossignol, 513 F.2d 678, 682 (1st Cir. 1975). Otherwise, the "[m]aterial breach of such a solemn obligation presents an extraordinary situation of permitting a party to benefit from a judgment the terms of which it has deliberately disregarded." *Id*. Here, Mr. Khan has, indeed, materially breached the Settlement Agreement, which presented the exact "extraordinary situation" warranting relief by Rule 60(b) motion. To hold otherwise, would enable Mr. Khan to benefit from a judgment, the terms of which, he has deliberately disregarded. *See*, Id.; Ackermann, 340 U.S. at 199-202; Berenguer, 821 F.2d at 21.

Moreover, the Court in United States v. Baus, 834 F.2d 1114, 1127 (1st Cir. 1987), held: "should the district court vacate the judgment on account of material breach, we note that it also has the power to enforce the settlement agreement, which is a contract, and to

5

determine the amount owed, if any." *See, e.g.,* Joy Mfg. v. National Mine Serv. Co., 810 F.2d 1127, 1128 (Fed. Cir. 1987); Aro Corp. v. Allied Witan Co., 531 F.2d 1368, 1371 (6th Cir.), Meetings & Expositions, Inc. v. Tandy Corp., 490 F.2d 714, 717 (2d Cir. 1974); Lichtenstein v. Lichtenstein, 454 F.2d 69, 71 (3d Cir. 1972). "This power to enforce 'has its basis in the policy favoring settlement of disputes and the avoidance of costly and time-consuming litigation.'" Kukla v. National Distillers Prods. Co., 483 F.2d 619, 621 (6th Cir. 1973). "In order to ensure that settlement agreements are an effective form of dispute resolution, district courts who enter judgment pursuant to such an agreement necessarily have the power to mandate compliance with it." Mathewson Corp. v. Allied Marine Indus., Inc., 827 F.2d 850, 852 (1st Cir. 1987) ("Without doubt, a district court possesses the authority to insure due compliance with [a court-approved settlement].").

Mr. Khan knew and fully understood what he was doing, and the consequences of his actions, when he chose to deliberately default on all the payment obligations under the executed Settlement Agreement. *See, e.g.,* Dkt. No. 37-1 at para. 6 (Defense counsel avers that, "About a month ago, I actually met with Mr. Khan in my office. I explained that his continued refusal to deal with this obligation may result in a default or the case be opened. He absolutely agreed to cooperate and return all calls. Moreover, he agreed to make at least a $5,000 payment toward the settlement.").

Moreover, a "District Court's unconditional dismissal of action with prejudice pursuant to stipulation, without attempting to retain jurisdiction to enforce settlement agreement, terminated court's jurisdiction **except for limited purpose of reopening and setting aside judgment of dismissal within scope allowed by Rule 60(b),** [and] therefore parties could seek enforce of settlement agreement only by means of independent action for specific performance or by means of Rule 60(b) motion to vacate prior order of dismissal for purpose of enforcing agreement." Hinsdale v. Farmers Nat'l Bank & Trust Co., 823 F.2d 993, 8 Fed. R. Serv. 3d (Callaghan) 716, 1987 U.S. App. LEXIS 9772 (6th Cir. 1987) (emphasis added to original). Therefore, whereas here, Plaintiffs seek such a limited purpose of reopening and setting aside order of dismissal within scope allowed by Rule 60(b), the Court need not have retained jurisdiction to grant Plaintiffs' motion.

We also note that in the case of Ortiz v. Turn Key Contractor Solutions, LLC et al (2:17-cv-03517-SJF-AKT), an Eastern District of New York case where our office has made the same motion to reopen the matter on the same grounds as this instant matter, specifically, on the sole basis of Defendants' breach of the parties' settlement agreement. The Rule 60 motion in Ortiz was granted by Judge Sandra J. Feuerstein.

We thank Your Honor for her consideration on this matter and remain available to provide any additional information.

                                            Respectfully submitted,

                                            _____/s/_____
                                            Roman Avshalumov, Esq.