UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------X

Juan Sanchez,

                 *Plaintiff*,

Oscar Martinez,

                 *Plaintiff*,

Miguel Angel Vasquez Baca,

                 *Plaintiff*,

Carlos Bernal,

                 *Plaintiff*,

Artiles Deyvi,

                 *Plaintiff*,

Banny Ramos,

                 *Plaintiff*,

Elgar Castillo,

                 *Plaintiff*,

    -against-

*Willie Trescly*,

                 *Defendant*.

---------------------------------------X

**MEMORANDUM AND ORDER**

19-CV-4524(KAM)(PK)

**KIYO A. MATSUMOTO, United States District Judge:**

    Plaintiffs Juan Sanchez, Oscar Martinez, Miguel Angel Vasquez

Baca, Carlos Bernal, Deyvi Artiles,[1] Banny Ramos, and Elgar

---

[1] Plaintiff Deyvi Artiles is listed as "Artiles Deyvi" in the case caption and the complaint, but refers to himself as "Deyvi Artiles" in his Declaration. (ECF No. 51-5.)  Accordingly, the Court refers to him as "Deyvi Artiles."

Castillo (collectively, "Plaintiffs") brought this action against Defendant Willie Trescly ("Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL"), NYLL §§ 650 *et seq.*[2] (ECF No. 1, Complaint ("Compl.").)  Presently before the Court is Plaintiffs' motion for default judgment against Defendant, which was referred to Magistrate Judge Peggy Kuo for a Report and Recommendation ("R&R").

The Court has reviewed Magistrate Judge Peggy Kuo's comprehensive and well-reasoned R&R, dated February 24, 2023, to which no party has objected.  (ECF No. 58.)  Because no party has objected to the R&R within the statutory 14-day period, the Court "need only satisfy itself that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001).

On clear error review, the Court adopts in part and modifies in part the R&R's recommendation that Plaintiffs' motion for default judgment against Defendant be granted in this FLSA and NYLL action.  The Court agrees with Magistrate Judge Kuo that Defendant was Plaintiffs' employer under the FLSA; that Plaintiffs were employees under the FLSA; that Plaintiffs are not exempt from

---

[2] Plaintiffs also brought claims against Defendants Hyper Structure Corp. and Mohammad Rahman, who entered into a settlement agreement with Plaintiffs. (ECF No. 1; ECF No. 26; ECF No. 27.)  The case against Defendants Hyper Structure Corp. and Mohammad Rahman was dismissed on October 7, 2020. (CF No. 26; ECF No. 27.)

the FLSA's protections; and that Defendant was Plaintiffs'
employer within the meaning of the NYLL.  The Court also agrees
with Magistrate Judge Kuo that Defendant Trescly failed to pay
minimum wages to Plaintiffs, in violation of 29 U.S.C. § 206(a),
and NYLL § 652; failed to pay their promised wages, in violation
of NYLL § 191; and failed to pay them at an overtime rate for hours
worked over forty per week, in violation of 29 U.S.C. § 207(a) and
NYLL §§ 650 *et seq*.

Regarding Plaintiffs' NYLL § 195(1) wage notice claim and
NYLL § 195(3) wage statement claim, however, the Court finds that
Plaintiffs lack Article III standing to bring and obtain damages
for these claims because Plaintiffs fail to allege actual and
concrete injuries.  *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190
(2021) (holding that "a technical violation triggering a statutory
damage award only confers Article III standing if the plaintiff
demonstrates an actual and concrete injury resulting from that
violation").  As in *Wang v. XBB, Inc.*, No. 18-CV-7341 (PKC) (ST),
2022 WL 912592, at *13 (E.D.N.Y. Mar. 29, 2022), Plaintiffs here
did not "link[] any injury-in-fact to [Defendant's] failure to
provide statutory notices under the NYLL."  Plaintiffs' only
factual allegations related to the wage notice and wage statement
claims are that Defendant "willfully failed to post notices of the
minimum wage and overtime wage requirements in a conspicuous place
at the location of [Plaintiffs'] employment" and "willfully failed

3

to keep payroll records," or provide wage statements, which do not plausibly allege more than technical violations of the NYLL. (ECF No. 1, Complaint ("Compl.") at ¶¶ 97-98); *cf. Marine v. Vieja Quisqueya Rest. Corp.*, No. 20-CV-4671(PKC)(RML), 2022 WL 17820084, (E.D.N.Y. Sept. 23, 2022) (finding a concrete and particularized injury for standing where Plaintiff alleged that Defendants' failure to provide wage notice and wage statements was done willfully in order to disguise the actual number of hours worked by Plaintiff and to avoid paying Plaintiff properly for those hours). Plaintiffs here do not allege harms like the Plaintiff in *Marine*.

Accordingly, this Court ADOPTS in part and MODIFIES in part Magistrate Judge Kuo's R&R. The Court GRANTS Plaintiffs' motion for default judgment against Defendant as to Plaintiffs' FLSA overtime wages claim, under 29 U.S.C. §§ 207(a); Plaintiffs' NYLL overtime wages claim, under NYLL § 652; Plaintiffs' FLSA minimum wages claim, under 29 U.S.C. § 602(a); Plaintiffs' NYLL minimum wages claim, under NYLL § 652; and Plaintiffs' unpaid promised wages claim, under NYLL § 191. The Court DENIES without prejudice Plaintiffs' motion for default judgment against Defendant as to Plaintiffs' wage notice and wage statement claims, under NYLL §§ 195(1), 195(3), for lack of standing. Damages are awarded to each Plaintiff as follows, and the Clerk is respectfully requested to enter judgment in favor of Plaintiffs against Defendant.

- Juan Sanchez: $11,520 in unpaid wages; $960 in unpaid overtime; and $12,480 in liquidated damages, for a total of $24,960.

- Oscar Martinez: $11,520 in unpaid wages; $960 in unpaid overtime; and $12,480 in liquidated damages, for a total of $24,960.

- Miguel Angel Vasquez Baca: $11,520 in unpaid wages; $960 in unpaid overtime; and $12,480 in liquidated damages, for a total of $24,960.

- Carlos Bernal: $11,520 in unpaid wages; $960 in unpaid overtime; and $12,480 in liquidated damages, for a total of $24,960.

- Devyi Artiles: $11,520 in unpaid wages; $960 in unpaid overtime; and $12,480 in liquidated damages, for a total of $24,960.

- Banny Ramos: $11,520 in unpaid wages; $960 in unpaid overtime; and $12,480 in liquidated damages, for a total of $24,960.

- Elgar Castillo: $11,520 in unpaid wages; $960 in unpaid overtime; and $12,480 in liquidated damages, for a total of $24,960.

A fifteen-percent increase penalty shall be imposed on the above state law damages, pursuant to NYLL § 198(4), if damages imposed under the NYLL are not paid within ninety (90) days of judgment or

5

the expiration of time to appeal. *See Sanchez v. Ms. Wine Shop Inc.*, No. 22-CV-2178(PKC)(TAM), 2022 WL 17368867, at *14 (E.D.N.Y. Nov. 30, 2022); *Diaz v. Rene French Cleaners, Inc.*, No. 20-CV-3848(RRM)(RER), 2022 WL 4646866, at *13 (E.D.N.Y. Aug. 29, 2022), *report and recommendation adopted*, No. 20-CV-3848, 2022 WL 4662247 (E.D.N.Y. Sept. 30, 2022); *De la Cruz Casarrubias v. Surf Ave Wine & Liquor Inc.*, No. 20-CV-3003 (AMD) (RLM), 2021 WL 2227977, at *13 (E.D.N.Y. May 11, 2021), *report and recommendation adopted*, No. 20-CV-3003, 2021 WL 2223275 (E.D.N.Y. June 2, 2021). Post-judgment interest also shall be awarded at the rate set forth in 28 U.S.C. § 1961 and calculated from the date the Clerk of Court enters judgment in this action until the date of payment. Plaintiffs' counsel is directed to serve a copy of this Memorandum and Order and the judgment on Defendant and note service on the docket.

**SO ORDERED**

Dated:      March 13, 2023
            Brooklyn, New York

_____
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York